UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LENNARD COLEMAN,

   Plaintiff,

v.               CAUSE NO. 3:21-CV-958-DRL-MGG

WEXFORD OF INDIANA, LLC *et al.*,

   Defendants.

OPINION AND ORDER

Lennard Coleman, a prisoner without a lawyer, filed a complaint against Wexford of Indiana and several of its employees alleging that the vision in his right eye is severely impaired due to their repeated failure to conduct labs requested by a specialist. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Coleman alleges that Dr. Kunezli, R.N. Myers, and Healthcare Administrator L. Ivers repeatedly failed to fulfill lab requests that were necessary to maintain Mr. Coleman's eyesight. Mr. Coleman attaches records from his visit to an outside specialist. The specialist, Dr. Shah, examined Mr. Coleman on August 20, 2019, to treat a vitreous hemorrhage and requested that prison medical staff run several labs and send him the

results. ECF 2 at 2; ECF 2-1 at 4. Nurse Myers signed off on the request on the same day. Mr. Coleman saw Dr. Shah again on October 3, 2019; Nurse Myers signed off on this visit on October 8, 2019, stating the lab request was sent. ECF 2 at 2; ECF 2-1 at 1. Mr. Coleman attended a follow-up visit with Dr. Shah on November 5, 2019, at which time Dr. Shah noted that Mr. Coleman may be suffering from vasculitis and once again requested that lab results be sent to him. ECF 2 at 2; ECF 2-1 at 2. Dr. Kunezli signed off on this visit more than a month later, on December 12, 2019. Mr. Coleman saw Dr. Shah again on January 7, 2020, at which time Dr. Shah stated that additional labs were required to evaluate Mr. Coleman for vasculitis and requested that he be sent the lab results. ECF 2 at 2; ECF 2-1 at Ex. A. Dr. Kunezli once again signed off on this visit on January 22, 2020.

After Dr. Shah's repeated requests for lab requests were unfulfilled, Mr. Coleman filed a grievance on May 29, 2020, detailing that he was suffering from possible vasculitis and decreased vision in his right eye. ECF 2 at 2; ECF 2-1 at 7. In this grievance, Mr. Coleman asserted that Dr. Kunezli stated that the labs were completed on February 19, 2020, and February 23, 2020; however, Mr. Coleman said that neither the labs nor a requested MRI were sent to Dr. Shah. He also stated that Nurse Myers failed to send the reports to Dr. Shah, despite stating that she would do so. The grievance officer contacted Administrator Ivers, who responded that he was scheduled to see an outside specialist and that he would receive whatever the outside specialist requested. ECF 2-1 at 5. She did not address the failure to send Dr. Shah the labs he requested more than nine months earlier.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). "Allegations of refusal . . . to follow the advice of a specialist can also state an Eighth Amendment claim." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011). Liberally construed, Mr. Coleman has plausibly alleged that Dr. Kunezli, Nurse Myers, and Administrator Ivers were deliberately indifferent to his need for lab work to treat his vasculitis and diminishing vision. All three of these named defendants were informed of Mr. Coleman's medical condition and Dr. Shah's requests for lab results; as alleged, all three failed to ensure that Dr. Shah received the necessary lab tests. Therefore, Mr. Coleman may pursue Eighth Amendment claims against Dr. Kunezli, Nurse Myers, and Administrator Ivers.

However, this complaint does not state a claim for which relief can be granted against the remaining defendants. Although Wexford of Indiana may be held liable under 42 U.S.C. § 1983 due to its role in providing healthcare at the prison, it cannot be held vicariously liable for its employees' deprivations of another person's civil rights. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Therefore, to recover from a municipal or corporate defendant such as Wexford, Mr. Coleman must show that his injury was directly caused by an official policy or custom. *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Here, Mr. Coleman has only demonstrated that a few individual members of the facility's medical and administrative staff did not follow through on Dr. Shah's lab requests. He has not demonstrated that any of these decisions were predicated on an official policy or custom of Wexford Health.

Mr. Coleman also cannot bring a claim against Dr. Marandet because he has not shown that Dr. Marandet was personally involved in the alleged constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Mr. Coleman has not alleged facts suggesting that he was seen by Dr. Marandet at any time or that Dr. Marandet had actual knowledge of Dr. Shah's lab result requests. Therefore, the complaint does not plausibly state a claim against Dr. Marandet.

For these reasons, the court:

(1) GRANTS Lennard Coleman leave to proceed against Health Care Administrator L. Ivers, Dr. Carl Kunezli, and Nurse Myers in their individual capacities for compensatory and punitive damages for their failure to fulfill Dr. Shah's requests for

lab tests and test results beginning in August of 2019, in violation of the Eighth Amendment;

 (2) DISMISSES all other claims;

 (3) DISMISSES Wexford of Indiana LLC and Dr. Marandet;

 (4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) L. Ivers, Dr. Carl Kunezli, and Nurse Myers at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 2):

 (5) ORDERS Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

 (6) ORDERS, under 42 U.S.C. § 1997e(g)(2), L. Ivers, Dr. Carl Kunezli, and Nurse Myers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

 SO ORDERED.

 January 28, 2022              *s/ Damon R. Leichty*
                           Judge, United States District Court